GEORGE W. WELCH *vs.* JONAS H. PRIEST.

The title of a mortgagee to land may be conveyed by a deed of release duly executed and recorded, to one who has no notice of a prior unrecorded assignment of the mortgage

WRIT OF ENTRY to recover a lot of land in Waltham.

It was agreed that William A. Bates, being the owner of the demanded premises and another lot of land, mortgaged them both to Samuel Hobbs, who afterwards assigned the mortgage to the demandant. Before the assignment was recorded, Bates conveyed the equity of redemption and Hobbs executed a deed of release of the demanded premises to G. M. Whitten, who received the same and caused them to be recorded in good faith, for a valuable consideration, and without notice of the assignment. These deeds were duly recorded, and Whitten's title afterwards passed to the tenant by mesne conveyances, which were executed after the assignment to the demandant was recorded.

Upon these facts judgment was rendered in the superior court for the tenant; and the demandant appealed to this court.

*J. Rutter*, for the demandant.

*T. H. Sweetser & G. A. Somerby*, for the tenant, were not called upon.

HOAR, J. Under the decisions in this commonwealth, the estate of a mortgagee of land is a legal estate, which passes by the same instruments of conveyance as other legal estates. This legal estate can be assigned or transferred by deed acknowledged and recorded; and, by a special statute provision, it may be discharged by an entry signed by the mortgagee, his executor, administrator or assignee, upon the margin of the record in the registry of deeds, acknowledging the satisfaction of the mortgage. The statute provides that " such entry shall have the same effect as a deed of release duly acknowledged and recorded." Rev. Sts. *c.* 59, § 33; Gen. Sts. *c.* 89, § 30. The implication is very strong that a release by deed acknowledged and recorded is a complete conveyance of the mortgagee's title.

And we think sound policy requires that it should be so regarded. It is as important to be able to ascertain from the registry the existence or continuance of a mortgage, as of any other legal title. Not unfrequently the whole or part of an estate held in mortgage is released or conveyed, when the debt is not paid. And in the absence of fraud, a conveyance by the party who appears on the record to be the owner of the mortgage should be sufficient to protect a purchaser who has no actual or constructive notice of title in any other.

*Judgment for the tenant.*